IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Floyd Ross, *also known as*, Floyd Ross, Jr., | C/A No. 0:17-1684-HMH-PJG |
| Petitioner, | |
| | **REPORT AND RECOMMENDATION** |
| v. | |
| Warden Bonita Mosley, | |
| Respondent. | |

The petitioner, Floyd Ross, a self-represented prisoner confined at Federal Correctional Institution Edgefield, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

I.  **Factual and Procedural Background**

Petitioner does not provide any information about when and where he was sentenced in the Petition, but the court's records indicate he was sentenced in United States District Court for the Eastern District of Texas in 2008. Those records also indicate he was sentenced as a career offender under the United States Sentencing Guidelines, based on two prior state drug convictions. In 2016, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court, arguing his sentence pursuant to the sentencing guidelines was unconstitutional based on Mathis v. United States, 136 S. Ct. 2243 (2016) (explaining how courts should determine whether state crimes can be used as predicate offenses under the Armed Career Criminal Act ("ACCA")). Ross v. Mosley, C/A No. 0:16-cv-03768. Petitioner's 2016 petition was summarily dismissed for lack of

jurisdiction. Petitioner now brings this § 2241 petition, arguing he is actually innocent of his crimes because his two prior state drug convictions do not qualify as predicate convictions under the sentencing guidelines.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

PJG

B.  Analysis

A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can show under the "savings clause" of § 2255(e) that a § 2255 habeas motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); see also Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (providing that if a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction). The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction, Rice, 617 F.3d at 807, and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an ACCA sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause).

PJG

"It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

In this case, Petitioner argues he is actually innocent of his crimes because his two prior state drug convictions do not qualify as predicate convictions under the sentencing guidelines. Petitioner relies on the recent decisions in Mathis v. United States, 136 S. Ct. 2243 (2016) (explaining how courts should determine whether state crimes can be used as predicate offenses under the ACCA), and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016) (applying the principles in Mathis to the United States Sentencing Guidelines), for relief. However, these cases did not decriminalize the conduct for which Petitioner was convicted, and therefore, under Fourth Circuit precedent, he would be unable to satisfy § 2255's savings clause to seek relief under § 2241 based on Mathis or Hinkle.[2]

Because Petitioner is foreclosed from bringing a § 2241 habeas petition in this court to challenge his sentence, Petitioner's remedy, if any, appears to be to seek permission to file a § 2255 motion in the court in which he was sentenced by filing a motion for leave to file a successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit. See 28 U.S.C. § 2255(h). Therefore, this case should be dismissed because this court lacks jurisdiction over the Petition. See Rice, 617 F.3d at 807.

---

[2] Moreover, the United States Supreme Court recently ruled that the residual clause in § 4B1.2 of the United States Sentencing Guidelines is not subject to vagueness challenges under the Due Process Clause. See Beckles v. United States, 137 S. Ct. 886 (2017).

**III.    Conclusion**

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 11, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).